Judge Underwood
delivered (he opinion of the court.
The personal representative of Daniel Richardson, if he had any, was a necessary party. When the suit was abated by the death of said Daniel, it should have been revived against his administrator or executor, or it should have been shown by an amended bill that he had none. This matter was not suggested by counsel in the original argument, and it was overlooked by the court. For want of proper parties, the bill should have been dismissed without prejudice, and the court erred in dismissing the bill absolutely.
It is contended, however, that there can be no reversal for this cause, as it is not reached by any assignment of error. It is assigned for error in general terms, that the “court below erred in dismissing the complainant’s bill.” We are disposed to be liberal and not critically nice in construing assignments of error, for the purpose of reaching the justice of the case; and therefore we think such an assignment as the above is sufficient to embrace an error committed by the court in the manner of dismissing a bill. We have been referred to the case of Shockly vs. Niess’ heirs, 3 J. J. Marshall 96 as ruling this. We are not willing to apply that case to this, because in that there was no equity in the bill, and the decision iirthat did not turn upon the question now made.
The decree of the circuit is reversed and the cause remanded, with instructions to permit the appellant Pogue to amend his. bill, and to bring the proper parties before the court, which if he fails to do within reasonable time, the bill must be dismissed without prejudice. If the appellant amends, the court will take such other steps as may be proper to bring the cause to trial. We shall abstain from discussing the merits of the controversy, because we cannot foresee what new aspect the case may assume. The former opinion is set aside, and *241 this substituted. Neither party shall recover costs in this court. <
< Daviess, for plaintiff; Owsley, for defendant.